# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

**CHRISTOPHER WILLIAM LYONS**             **CIVIL ACTION NO. 16-1470-P**

**VERSUS**                                **CHIEF JUDGE HICKS**

**DEPUTY BROTIEUTY, ET AL.**              **MAGISTRATE JUDGE HORNSBY**

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Christopher William Lyons ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on October 20, 2016. Plaintiff claims his civil rights were violated by prison officials while incarcerated at the Bossier Medium Correctional Center in Plain Dealing, Louisiana. He names Deputy Brotieuty and the Bossier Medium Correctional Center medical staff as defendants.

Plaintiff's complaint and two amended complaints are very vague. He claims he has a metal rod attached to his spine with 20 pins and two screws. He claims he asked the deputy for pain medication and he refused his request. He claims that when he again asked the deputy for pain medication, he told him to stand in the corner. Plaintiff claims he sat on the ground because his back was hurting. He claims the deputy then cuffed him and placed him in isolation for two weeks.

Plaintiff claims that for one week, he was denied a mattress and blanket while in isolation. He claims this deprivation caused him greater pain because it was cold and he had to lay on hard metal.

Plaintiff claims that two weeks after being held in solitary confinement, he slipped in water exiting the shower. He claims he was never taken to a doctor outside of the prison to evaluate his spine even though he had pain and blood in his stool.

Accordingly, Plaintiff seeks monetary compensation

## LAW AND ANALYSIS

**Medical Treatment**

Plaintiff claims he was denied pain medication twice. He also claims he was never taken to a doctor outside of the prison to evaluate his spine even though he had pain and blood in his stool.

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate

indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff complains that on two occasions his requests for pain medication were denied. He also claims he should have been seen by a doctor outside of the prison. Plaintiff disagrees with the treatment Defendants provided him. As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do

not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical care claims should be dismissed with prejudice as frivolous.

**Conditions of Confinement**

Plaintiff claims that for one week he was denied a mattress and blanket. It is unclear from Plaintiff's complaint if he was denied the mattress and blanket only during certain hours or for 24 hours a day. He also claims he slipped in water exiting the shower.

Plaintiff filed these claims pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).   Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court recently defined as knowing of and disregarding an excessive risk to inmate health or safety.  See id., 114 S. Ct. at 1979. Furthermore, this court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement.   Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds the facts alleged do not support a conclusion that Defendants' conduct was sufficiently harmful enough to deprive Plaintiff of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.  The court finds that Plaintiff's claims standing alone, simply do not rise to the level of cruel and usual punishment as defined by the jurisprudence.

Here, Plaintiff does not allege that he was denied anything close to the "minimal civilized measure of life's necessities." Id.  First, bedding is a matter committed to the sound discretion of prison administrators. Kot v. Matty, No. 90–7644, 1991 WL 246906,

(E.D.Pa. Nov. 15, 1991), aff'd, 980 F.2d 723 (3d Cir.1992). Federal courts have held in recent years that the deprivation of bedding for a limited period is not per se unconstitutional. See Grissom v. Davis, 55 Fed. Appx. 756, 758 (6th Cir.2003) (seven days without a mattress, sheets or blanket is not a deprivation of basic human needs); O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82, 84 (8th Cir.1996) (sleeping with no mattress or blanket for four days on a concrete slab in cell located 10 feet from exterior door during winter did not deny plaintiff the minimal civilized measures of life's necessities); Seltzer–Bey v. Delo, 66 F.3d 961, 964 (8th Cir.1995) (placement in a strip cell without clothes, running water, mattress or blanket for two days not unconstitutional when there was no evidence that inmate suffered any injury or adverse health consequences or that jail officials knew of and disregarded an excessive risk to his health and safety); Williams v. Delo, 49 F .3d 442, 445 (8th Cir.1995) (placement in strip cell without clothes, running water, mattress, pillow, sheets or blanket for four days, when plaintiff sought no treatment for any resulting medical condition or injury, was not unconstitutional). McAllister v. Strain, CIV.A. 08-5174, 2009 WL 500560, (E.D. La. Feb. 25, 2009)

Secondly, the court finds that water on the floor does not create a substantial risk of serious harm. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995). Thus, Plaintiff's claim has failed to satisfy the first component of an Eighth Amendment claim. Plaintiff states no facts that would satisfy the threshold requirements for an Eighth Amendment violation. Thus, the court does not consider the deprivations alleged to be sufficiently serious.

Accordingly, the conditions alleged do not rise to the level of cruel and unusual punishment and should be dismissed with prejudice as frivolous.

**CONCLUSION**

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy

shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 19th day of March, 2019.

Mark L. Hornsby
U.S. Magistrate Judge